NOT DESIGNATED FOR PUBLICATION

No. 111,372

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

SETH L. HOSTETLER,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; GREGORY L. WALLER and ERIC R. YOST, judges. Opinion filed November 13, 2015. Affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., MCANANY and ATCHESON, JJ.

*Per Curiam*:  At the conclusion of a bench trial, the Sedgwick County District Court found Defendant Seth L. Hostetler guilty of two counts of sexual exploitation of a child, one count of indecent liberties with a child, and one count of furnishing an alcoholic beverage to a minor. Hostetler has appealed alleging insufficiency of the evidence to convict on the sex offenses, substantive defects in the complaint charging the crimes, and a mishandling of his sentencing hearing. We find no basis for granting relief and affirm.

1

At the time of the crimes, Hostetler lived with his girlfriend M.M. and her three children. K.M., M.M.'s 16-year-old daughter, is one of the victims. The other victim was M.B., a 15-year-old girl. M.B. was a good friend of K.M.'s and a frequent guest at the house. The charged crimes stem from two separate incidents—one that occurred shortly after Thanksgiving in 2011 and the other about a month later. We incorporate a more specific description of the circumstances into our discussion of Hostetler's points on appeal.

*Sufficiency of the Evidence—Sexual Exploitation of a Child*

For his first point, Hostetler contends the trial evidence was insufficient to support the convictions for sexual exploitation of a child, as defined in K.S.A. 2014 Supp. 21-5510(a)(4). In reviewing a sufficiency challenge, an appellate court construes the evidence in a light most favorable to the party prevailing below, here the State, and in support of the conviction. An appellate court will neither reweigh the evidence generally nor make credibility determinations specifically. *State v. Williams*, 299 Kan. 509, 525, 324 P.3d 1078 (2014); *State v. Pham*, 281 Kan. 1227, 1252, 136 P.3d 919 (2006). The issue for review is simply whether a rational factfinder, here the district court judge, could have found the defendant guilty beyond a reasonable doubt. *State v. McBroom*, 299 Kan. 731, 754, 325 P.3d 1174 (2014).

The charged offense requires:  "[P]romoting any performance that includes sexually explicit conduct by a child under 18 years of age . . . knowing the character and content of the performance." K.S.A. 2014 Supp. 21-5510(a)(4). The statute contains definitions of operative terms of the offense pertinent to Hostetler's argument. Sexually explicit conduct is defined as "actual or simulated . . . sexual intercourse or . . . masturbation." K.S.A. 2014 Supp. 21-5510(d)(1). Sexual intercourse is elsewhere defined in the criminal code as "any penetration of the female sex organ by a finger, the male sex organ or any object." K.S.A. 2014 Supp. 21-5501(a). In K.S.A. 2014 Supp. 21-

2

5510(d)(2), promoting is defined as "procuring, transmitting, distributing, circulating, presenting, producing, directing, manufacturing, issuing, publishing, displaying, exhibiting or advertising:  (A) [f]or pecuniary profit; or (B) with intent to arouse or gratify the sexual desire or appeal to the prurient interest of the offender or any other person." And the statute defines a performance as "any film, photograph, negative, slide, book, magazine or other printed or visual medium, any audio tape recording or any photocopy, video tape, video laser disk, computer hardware, software, floppy disk or any other computer related equipment or computer generated image that contains or incorporates in any manner any film, photograph, negative, photocopy, video tape or video laser disk or any play or other live presentation." K.S.A. 2014 Supp. 21-5510(d)(3).

The evidence supporting the charges shows that M.B. spent the night at K.M.'s house over Thanksgiving weekend. Late that night, the two girls were drinking alcohol in K.M.'s bedroom. Her bedroom was in the basement across from the computer room. At the time, Hostetler was on the internet in the computer room. He, too, had apparently been drinking.

Hostetler entered the bedroom and, noticing the girls were standing close to one another, encouraged them to kiss. M.B. testified she felt pressured to comply so she began kissing K.M. They continued kissing and got under the covers of the bed. The girls both testified that Hostetler sat down on a chair in the room and began masturbating. As they were under the covers, Hostetler told M.B. to "touch . . . and feel" K.M. M.B. testified that she then penetrated K.M.'s vagina with her finger. According to M.B., the girls stopped because they were uncomfortable and scared. Hostetler then left the bedroom.

M.M. testified that sometime after the second incident K.M. told her Hostetler wanted the girls to "finger each other" and they complied. K.M. similarly described the

3

circumstances to a police detective. At trial, K.M. testified that she and M.B. kissed and touched, but she was not asked to describe the touching in any more detail.

Hostetler testified at trial. He said that as he was leaving the computer room he saw the girls standing next to each other and jokingly asked if they were going to kiss. When they started doing so, he entered the bedroom to watch. Hostetler admitted he began masturbating but insisted he neither encouraged any sexual contact nor saw the girls do anything other than kiss. He testified that he simply got up and went back to the computer room.

On appeal, Hostetler submits the trial evidence failed to establish all of the elements of sexual exploitation of a child. Here, there were two counts because both M.B. and K.M. were undisputedly under 18 years of age. First, Hostetler contends there was no "sexually explicit conduct" or, at least, he didn't see any because the girls were under the covers. M.B.'s trial testimony establishes conduct meeting the statutory definition. Her touching of K.M.'s vagina constituted either sexual intercourse or masturbation under the definition. And K.M.'s properly admitted out-of-court statements were consistent with M.B.'s account. The crime does not require that the offender, here Hostetler, see the conduct. The evidence, taken favorably to the State, supports that element. Hostetler knew the girls began kissing at his direction, and he, therefore, could reasonably assume they followed his later instructions even though he couldn't see precisely what they were doing. M.B.'s testimony, of course, established that they did, in fact, do what Hostetler said.

Hostetler next contends there was insufficient evidence that he promoted a performance within the meaning of the statute. The crime of sexual exploitation of a child encompasses a wide range of activity, as the statutory definitions indicate. The statute obviously criminalizes the manufacturing and distribution of visual depictions of individuals under the age of 18 engaged in sexually explicit conduct. But the statute isn't

confined to those endeavors. Applying the included definitions, the statute prohibits "procuring" or "directing"—acts included in the definition of promoting—a "live presentation" of sexually explicit conduct by a juvenile. Again, taking the trial evidence in a light favoring the district court's decision to convict, the record supports the convictions. Hostetler procured or brought about M.B.'s digital penetration of K.M. In that sense, he also directed M.B. to act in that way. And the girls' conduct in that respect was a live presentation of the prohibited sexual conduct, albeit a presentation for an audience of one—the director himself. The United States Court of Appeals for the Tenth Circuit has similarly construed K.S.A. 21-3516, the same sexual exploitation statute before the 2011 recodification of the criminal code. *United States v. Riccardi*, 405 F.3d 852, 871 (10th Cir. 2005).

In sum, the evidence, as we must view it, sufficiently supports the convictions.

*Sufficiency of the Complaint*

As to the sexual exploitation of a child charges, Hostetler contends the complaint was fatally defective because it omitted any reference to the charged conduct being undertaken to arouse or gratify someone's sexual desire or to appeal to that person's prurient interest. But in each count, the complaint charges that Hostetler "did unlawfully *promote* any performance that includes sexually explicit conduct by a child under eighteen (18) years of age." (Emphasis added.) The complaint, therefore, used the statutory language of the offense and correctly cited the governing statute. The complaint did not incorporate additional language from the statutory definition of promoting also included in the statute. We question whether the omission amounts to a defect at all. For purposes of addressing Hostetler's argument, we assume it does.

Hostetler did not challenge the sufficiency of the complaint before trial or by filing a motion to arrest judgment afterward. Rather, he has raised the issue for the first time on

appeal. As Hostetler acknowledges, the Kansas Supreme Court's decision in *State v. Hall*, 246 Kan. 728, 765, 793 P.2d 737 (1990), *overruled in part on other grounds by Ferguson v. State*, 276 Kan. 428, 78 P.3d 40 (2003), governs an attack on the sufficiency of a complaint initially asserted on appeal. The *Hall* court held in that circumstance, a jurisdictional challenge will lie only if: "[T]he claimed defect in the [charging instrument] has: (a) prejudiced the defendant in the preparation of his or her defense; (b) impaired in any way defendant's ability to plead the conviction in any subsequent prosecution; or (c) limited in any way defendant's substantial rights to a fair trial under the guarantees of the Sixth Amendment to the United States Constitution and the Kansas Constitution Bill of Rights, § 10." 246 Kan. at 765. The Kansas Supreme Court reiterated that standard in *State v. Littlejohn*, 298 Kan. 632, 655, 316 P.3d 136 (2014). The charging instrument should be liberally construed in favor of validity in the absence of any challenge to it in the district court. *Hall*, 246 Kan. at 764.

Hostetler does not directly argue one of the three bases in *Hall* for finding the complaint jurisdictionally defective. Rather, he says the prosecutor never addressed the element requiring proof of sexual gratification or of an appeal to prurient interest in arguing the case to District Court Judge Eric R. Yost and Judge Yost didn't mention that element in outlining the reasons for convicting him. Given the undisputed trial evidence, we find nothing remarkable about that silence. All of the relevant witnesses, including Hostetler, agree that he masturbated as he watched M.B. and K.M. on the bed. There simply was no need to spend time discussing, let alone arguing, that element of the crime. Moreover, a district court need not make detailed factual finding or any findings at all in rendering a decision in a criminal case following a bench trial. *State v. Kendall*, 300 Kan. 515, 529, 331 P.3d 763 (2014). So the omission of any comment on that element from Judge Yost's bench ruling has no particular legal significance, especially in light of the evidence. Judge Yost likewise did specifically say he found the incidents occurred in Sedgwick County, but that doesn't undermine the convictions for want of venue.

6

Hostetler has offered no grounds for relief from the convictions for sexual exploitation of a child based on the language the State used in the complaint.

*District Court's Comment on Charged Offense*

Finally as to these convictions, Hostetler picks up on a brief comment by Judge Yost in announcing the decision after the bench trial to the effect the evidence might have fit better under subsection (a)(3) of K.S.A. 2014 Supp. 21-5510 that criminalizes the actions of "a parent, guardian or other person having custody or control of a child under l8 years of age [who] knowingly permit[s] such child to engage in, or assist another to engage in, sexually explicit conduct for any purpose described in subsection (a)(1) or (2)." Judge Yost wondered if there had been a performance within the meaning of K.S.A. 2014 Supp. 21-5510(a) and seemed to suggest a charge against a parent, guardian, or person having custody or control of the victim as provided in subjection (a)(3) might eliminate any potential problem.

We don't particularly follow that thinking, but the rumination is essentially beside the point. First, of course, it's not clear that Hostetler would come within subsection (a)(3), although he arguably had "control of" M.B. and K.M. in that they were in his house. Even so, subsection (a)(3) still requires a violation of subsection (a)(1) committed by someone other than the parent, guardian, or person having custody or control of the victim. And subsection (a)(1) requires promoting a proscribed performance, as does subsection (a)(4) under which Hostetler was charged. A violation of (a)(3), therefore, requires that someone promote a performance. On the evidence in this case, only Hostetler could have done so. The State would have had to prove a proscribed performance to convict under either subsection (a)(3) or subsection (a)(4). As we have outlined, the trial evidence supports the convictions under K.S.A. 2014 Supp. 21-5510(a)(4). If Judge Yost ultimately had some misgivings about the evidence, we don't share them. Hostetler's point gets him nowhere on appeal.

7

*Sufficiency of the Evidence—Indecent Liberties with a Child*

Hostetler next attacks the sufficiency of the evidence to support the conviction for indecent liberties with a child in violation of K.S.A. 2014 Supp. 21-5506(a)(1). The statute criminalizes "[a]ny lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender or both" when the child is more than 14 years of age but less than 16 years of age. K.S.A. 2014 Supp. 21-5506(a)(1). The incident resulting in the indecent liberties charge occurred in late December and again involved M.B. as the victim.

M.B. was spending the night as K.M.'s guest. Hostetler had provided the girls flavored vodka they asked him to buy—giving rise to the alcohol violation that is not disputed on appeal. According to M.B., she and K.M. were in the bedroom and Hostetler was in the computer room across the hall. M.B. testified that Hostetler called her into the computer room and forcefully began kissing her. He then thrust his hand up her shirt and under her bra and then touched her breast. This continued for several minutes. M.B. testified that during the encounter, she could feel Hostetler's body pressing against her. The incident ended when M.M. came down to the basement and saw Hostetler kissing M.B. M.M. testified she was shocked. She yelled at Hostetler, collected the children, and left the house. M.M. then called the police.

In the version Hostetler outlined at trial, M.B. came into the computer room several times to kiss him. Hostetler claimed he told her to stop. The last time she also pushed his hand up her shirt and put it on her breast. In a police statement admitted in evidence at trial, Hostetler said he didn't immediately remove his hand. Judge Yost found Hostetler guilty.

On appeal, Hostetler contends the evidence was insufficient to show he acted with the requisite intent to arouse or satisfy his sexual desires. We disagree. M.B.'s testimony established that Hostetler acted in a sexually aggressive way in touching her breast as he pressed his body against hers. Criminal intent, as a state of mind, typically must be proved through circumstantial rather than direct evidence. See *State v. Dixon*, 289 Kan. 46, 65, 209 P.3d 675 (2009). That testimony established the elements of the offense, including intent, and, thus, supported the decision to convict.

*Sentencing Hearing*

Finally, Hostetler challenges how District Court Judge Gregory L. Waller handled the sentencing hearing. Judge Waller wound up imposing concurrent sentences of 32 months' imprisonment on each of the felony sex offenses and a concurrent sentence of 6 months in jail on the misdemeanor alcohol offense. So, Hostetler received a controlling term of incarceration of 32 months. The term of imprisonment reflects a mid-range guidelines sentence.

During the sentencing hearing, M.M., her mother, Hostetler's mother, and M.B.'s father spoke to the district court on the matter of appropriate punishment. M.B.'s father asked Judge Waller to impose a prison sentence. The other three said Hostetler should be given probation and would not benefit from incarceration. M.M., in particular, spoke at some length, and Judge Waller requested that she conclude her remarks. Hostetler contends the district court improperly limited the individuals making statements on his behalf while imposing no comparable limitation on M.B.'s father. But M.B.'s father chose to speak only briefly. The hearing transcript reflects that Judge Waller allowed M.M., her mother, and Hostetler's mother sufficient opportunity to explain their views. Contrary to Hostetler's suggestion, Judge Waller's approach neither betrayed some sort of prejudice against him nor indicated a sentence imposed based on improper factors or a failure to

9

fairly consider the relevant circumstances. In short, Hostetler has not shown any material prejudice.

A district court acts in its sound discretion in determining both subject-matter and time limitations on lawyers and lay persons making arguments or unsworn statements on an issue. See *State v. Jones*, 47 Kan. App. 2d 512, 518, 276 P.3d 804 (2012). A district court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). Judge Waller did not abuse that discretion in any of those ways. Consistent with the press of other court business, Judge Waller allowed those individuals to present their views on the disposition of the case. He, of course, also heard from the lawyers for the State and for Hostetler. In addition, Hostetler was given the opportunity to and did allocute. Hostetler received a fair sentencing hearing.

More to the point, perhaps, Hostetler got a guideline sentence, and a defendant cannot appeal from such a sentence. See K.S.A. 2014 Supp. 21-6820(c)(1); *State v. Sprung*, 294 Kan. 300, 317, 277 P.3d 1100 (2012). That prohibition likely governs here and would preclude our review. But having chosen to review the sentencing hearing on the supposition our impression may be off the mark, we have found nothing amiss.

Affirmed.